**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KAYE D. LUTES, on Behalf of L.L.,** | § | |
| **a minor child** | § | |
| | § | |
| | § | |
| **V.** | § | **A-09-CA-618-LY** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 1); Plaintiff's Motion for Summary Judgment (Clerk's Doc. No. 13);[1] Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 15); and Plaintiff's Response to Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 15).  Also before the Court is the Social Security record filed in this case (Cited as "Tr.").  Plaintiff Kaye Lutes appeals from the decision of the Administrative Law Judge ("ALJ") finding that Kaye Lutes was not the common-law wife of the wage earner and was not entitled to Mother's Insurance Benefits or Child's Insurance Benefits for minor child L.L.  The sole issue presented for review is whether the decision of the Commissioner should be overturned because proper notice was not given to Plaintiff for the hearing held by ALJ Philip Kline.

---

[1]In the scheduling order entered in this case, the Court directed Plaintiff to file a brief in support of her position.  Instead, Plaintiff filed a motion for summary judgement.  The Court will construe this as her brief in opposition to the Commissioner's decision.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

This case involves conflicting claims for Social Security Benefits on the account of Rick J. Lohstroh ("Lohstroh"), who died on August 27, 2004 (Tr. 31).  On November 19, 2004, Lohstroh's mother, Joanne L. Greene ("Greene"), filed for Child's Insurance Benefits on behalf of K.W.L., Lohstroh's biological child (Tr. 26-27).  The Social Security Administration began paying benefits on K.W.L.'s behalf in December 2004 (Tr. 162).

On December 10, 2004, Plaintiff Kaye Lutes ("Lutes") filed an application for Mother's Insurance Benefits, claiming that she was Lohstroh's common law wife at the time of Lohstroh's death (Tr. 28-30, 32-35).  Lutes also sought benefits for her daughter, L.L., as the surviving step-child to Lohstroh (Tr. 14).

The Social Security Administration denied Lutes's application, determining that Lutes had failed to establish that she had been married to Lohstroh (Tr. 60-61). Because the Social Security Administration found that Lutes was not Lohstroh's widow, the agency also determined that Lutes's child, L.L., did not qualify for benefits as a surviving step-child to Lohstroh (Tr. 65-69).  Lutes sought reconsideration (Tr. 70), and on March 5, 2005, the decision was affirmed. (Tr. 71-77; 79-86).

Lutes requested a hearing on the matter before an ALJ (Tr. 87), and a hearing was held on March 22, 2007 (Tr. 92).  ALJ Robert Ward issued his decision on April 27, 2007, finding that there was clear and convincing evidence that Lutes was the common law wife to Lohstroh and was

therefore entitled to Mother's Insurance Benefits and Child's Insurance Benefits for L.L. under

Lohstroh's account (Tr. 14-17).

Awarding L.L. retroactive benefits reduced the amount of benefits K.W.L. was entitled to,

which in turn placed K.W.L. in overpaid status (Tr. 171). On September 25, 2007, Greene was

notified the K.W.L. had been overpaid $20,022.00 for December 2004 through August 2007 (Tr.

171–172). Greene then filed a Request for Reconsideration on October 2, 2007, arguing that there

was no overpayment because Lutes was not Lohstroh's common law wife and her claim for benefits

was fraudulent (Tr. 170). On October 29, 2007, the Social Security Administration affirmed its

decision that K.W.L. was overpaid (Tr. 160–165). Greene then requested a hearing on the issue

before an ALJ (Tr. 159).

A hearing was held before ALJ Philip Kline on June 4, 2008, on the question of whether

K.W.L. had been overpaid (Tr. 127).[2] At the hearing, Greene presented new evidence seeking to

establish that there was no common law marriage between Lutes and Lohstroh (Tr. 127-32, 144-58).

On June 19, 2008, based on the new evidence presented by Greene, ALJ Kline reopened and revised

ALJ Ward's prior decision and rendered a new decision, finding, in relevant part, that Lutes had not

been married to Lohstroh, that L.L. was not Lohstroh's step-child, and that neither Lutes nor L.L.

were entitled to benefits under Lohstroh's account (Tr. 136-43).

Lutes requested that the Appeals Council review ALJ Kline's decision (Tr. 9), but on June

12, 2009, the Appeals Council denied Lutes's request for review (Tr. 2). Thus, ALJ Kline's decision

---

[2]The notice only mentioned that the issue of whether K.W.L. had been overpaid would be
heard. There was no mention in the notice that the hearing could affect her or L.L.'s benefits.

became the final decision of the Commissioner.  Lutes then brought the instant action seeking

judicial review of the final decision of the Commissioner.

## II.  DISCUSSION

The sole issue Lutes raises is whether she received proper notice of the issues that were to

be considered at the hearing before ALJ Kline.  She contends that the notice was flawed, and because

of this lack of proper notice, she is entitled to have ALJ Ward's decision reinstated as the controlling

decision in this matter.  Alternatively, Lutes argues that the case should be remanded to the

Commissioner for a new hearing, with proper notice to all parties of the issues to be considered.

"Procedural due process imposes constraints on governmental decisions which deprive

individuals of 'liberty' or 'property' interests within the meaning of the Due Process clause of the

Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "[T]he interest

of an individual in continued receipt of [Social Security] benefits is a statutorily created "property"

interest protected by the Fifth Amendment."  *Id.*   Indeed, "[t]he social security regulations

contemplate administrative hearings that satisfy procedural due process requirements." *Francisco*

*v. Barnhart*, 366 F. Supp. 2d  461, 466 (S.D. Tex. 2004).  To this end, the regulations provide rules

requiring fair notice to claimants before a hearing occurs.  *See*, *e.g.*, 20 C.F.R. 404.938 ("After the

administrative law judge sets the time and place of the hearing, we will mail notice of the hearing

at your last known address. . . .  The notice of hearing will contain a statement of the specific issues

to be decided . . . .").  "[A] notice that fails to inform a claimant of material factors that could lead

to an unfavorable decision violates procedural due process." *Francisco*, 366 F. Supp. 2d at 466

(citing *Harris v. Callahan*, 11 F. Supp. 2d 880, 883 (E.D. Tex. 1998).

The underlying purpose of adequate and timely notice is to provide its recipient with an opportunity to present his or her case. *See Landon v. Plasencia*, 459 U.S. 21, 39 (1982).  To satisfy due process, a recipient must have "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg v. Kelly*, 397 U.S. 254, 267–268 (1970).

In this case, Lutes received a notice of the hearing in which her benefits were terminated that stated: "The issue to be determined is whether K.W.L. was incorrectly paid benefits from December 2004 through August 2007 in the amount of $20,022.00."  The ALJ, however, clearly went beyond deciding whether K.W.L. was incorrectly paid benefits.  The ALJ's decision makes this plain, stating that he also considered "whether Kaye D. Lutes is entitled to Mother's Insurance Benefits on the record of the deceased wage earner, Rick J. Lohstroh, under sections 202(e) and 223 of the Social Security Act.  The specific issue is whether the claimant meets the marital relationship requirements of the law." (Tr. 137).  In fact, the majority of the evidence and the discussion in the decision dealt with this issue (Tr. 136–143).  Lutes states that she was not given notice of, nor provided with any copies of, any "new evidence" on the issue of her common-law marriage to Lohstroh, nor was she given notice that this was the issue to be decided at the hearing.  Lutes contends that she could not be expected to somehow extrapolate from the notice that she was in danger of a revision and reopening of ALJ Ward's decision, which would affect her payments from the Social Security Administration.  According to Lutes, because she was entitled to fair notice that there would be a direct attack on the benefits previously awarded to her by ALJ Ward, the failure to give her proper notice requires that ALJ Kline's decision be reversed.

The Commissioner does not attempt to argue that the notice the Social Security Administration sent to Lutes was adequate. *See* Def. Brief, at 3–4 (Clerk's Doc. No. 14). Rather, the Commissioner responds by arguing that, even assuming the notice was deficient, Lutes offers nothing to show that she was prejudiced by the inadequate notice. In other words, the Commissioner's position is that because Lutes does not offer evidence that had she appeared at the June 4, 2008, hearing, she could and would have adduced evidence that might have altered Judge Kline's decision, Lutes is not entitled to remand.[3]

As noted above, Lutes was first granted benefits by ALJ Ward, which triggered a reduction in benefits to K.W.L. After K.W.L. (acting through Greene) appealed, a notice was issued to Lutes stating that a hearing was to be held on the issue of whether K.W.L. had been overpaid. As already noted, nothing in the notice served on Lutes explained that by examining whether K.W.L. was in fact overpaid, the earlier decision in Lutes' favor regarding her alleged common-law marriage to Lohstroh was going to be reexamined and might be overturned. Lutes, relying on the notice, had no reason to believe that her benefits were in jeopardy, and no reason to anticipate that the ALJ would reconsider the issue of her common-law marriage to Lohstroh, so she opted not to attend this hearing. Her reasonable reliance on the notice in essence deprived her of "an effective opportunity to defend by confronting any adverse witnesses and by presenting [her] own arguments and evidence orally."

---

[3]In support of its position that a showing of prejudice is required, the Commissioner cites to *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988), *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996), and *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). However, none of these cases involve the issue currently before the Court—whether remand is required when a claimant's procedural due process rights are denied. *See Morris*, 864 F.2d at 335 ("The ALJ's failure to expressly restrict his use of the expert's testimony may at most reflect a minor procedural impropriety."); s*ee also Brock*, 84 F.3d at 729; *Carey*, 230 F.3d at 142 (both involving cases where claimant argued the ALJ failed to fully develop the record).

*Goldberg*, 397 U.S. at 267–268.  This inadequate notice amounted to a denial of Lutes' right to due process.

As to the question of prejudice, assuming it is required, it is not so clear that Lutes did not suffer prejudice from the due process violation.  After all, when she was present and able to testify, one ALJ did find for Lutes—by clear and convincing evidence no less—on the issue of her common-law marriage to Lohstroh, so one could reasonably conclude that Lutes was prejudiced when she was not given the same opportunity at the second hearing.[4]   If given the opportunity, Lutes could very well produce evidence or give testimony that could support her claim (or refute the evidence offered by Greene).  But because Lutes was not given this opportunity, this Court cannot easily determine what prejudice Lutes may have suffered..[5]

In regard to Lutes's argument that Ward's decision should be reinstated, the undersigned disagrees.  As noted in Kline's decision, K.W.L.'s guardian did not receive notice of the hearing before Ward, or that  K.W.L.'s benefits would be affected by *that* decision (Tr. 136).  Therefore, the Social Security Administration arguably erred with respect to both notices issued in this case.  In both instances, all parties should have been apprised of the specific issues to be considered, as well as the fact that the ALJ's decision would affect each of their benefits, including those of the non-appealing party.  Instead, the notice only referenced the issue as it related to the party seeking the

---

[4]Notably, ALJ Kline did not even mention in his decision the registration form wherein Lohstroh listed himself as the stepfather of L.L. and signed as the Parent/Guardian  (Tr. 42; 138-141).  This was a factor in ALJ Ward's decision (Tr. 16), and it was perhaps Lutes's strongest piece of evidence given that it was in Lohstroh's own handwriting and signed by him.

[5]The Court agrees with the Commissioner that the evidence in the record now before it suggests that Lutes and Lohstroh were not commow law spouses, but that is not an issue for this Court to decide, but rather is something that the Commissioner should decide, after a full hearing with notice to all affected parties and an opportunity to be heard.

hearing, despite the fact that the claims were connected and that a determination as to one affected

the other's benefits.  Accordingly, the undersigned recommends that the case be remanded for a new,

consolidated hearing, with notice given to all parties stating the specific issues to be considered at

the hearing.

### III.  CONCLUSION

The undersigned believes that the Commissioner violated Lutes's procedural due process

rights by failing to provide adequate notice prior to the hearing of the issues to be determined by ALJ

Kline at that hearing.  Accordingly, the undersigned believes that Lutes is entitled to a new hearing,

and that prior to the hearing, all parties affected by the decision should be given adequate notice of

the issues to be considered by the ALJ.

### IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Judge

**REVERSE** the decision of the Commissioner and **REMAND** this case back to the Commissioner

for further action consistent with this opinion.  The undersigned further **RECOMMENDS** that the

District Judge **ENTER JUDGMENT** in favor of the Plaintiff.

### V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of April, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE